UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LYNETTE ALLEN BROUSSARD                    CIVIL ACTION

VERSUS                                      NO. 18-11418

GEICO CASUALTY CO.                          SECTION A(1)

## ORDER AND REASONS

The following motion is before the Court: **Motion for Remand (Rec. Doc. 6)** filed by Plaintiff, Lynette Allen Broussard. Defendant GEICO Casualty Co. opposes the motion. The motion, noticed for submission on January 9, 2019, is before the Court on the briefs without oral argument.

This suit arises out of an auto collision that occurred on June 27, 2017, in Orleans Parish. The tortfeasor's insurer paid its policy's limit ($15,000), and Plaintiff filed the instant suit against her UM carrier, GEICO. The UM policy has a $100,000 limit, and prior to suit being filed, Plaintiff had been paid $14,903.20 by GEICO. GEICO removed the suit to this Court alleging diversity jurisdiction. Plaintiff now moves to remand the suit to state court arguing that the amount in controversy is not satisfied.

In *Luckett v. Delta Airlines, Inc.,* the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

*Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

If it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).

GEICO has established that the amount in controversy was satisfied at the time of removal. Plaintiff specifically alleges a host of specific personal injuries, including permanent injury. (Rec. Doc. 1-3, Petition ¶ 5). These allegations, when viewed in light of Plaintiff's attorney's pre-removal written demands for GEICO's policy limit (Rec. Docs. 8-3 & 8-4), establish that the amount in controversy exceeded $75,000 at the time of removal. Further, Plaintiff has made a claim for penalties and attorney's fees, and this claim is also considered part of the amount in controversy. That GEICO has offered much less than the demand to settle the case is of no moment.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Remand (Rec. Doc. 6)** filed by Plaintiff, Lynette Allen Broussard, is **DENIED**.

January 11, 2019

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE